## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONSO ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV419-094 |
| | ) | |
| JOHN WILCHER, *Sheriff*, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Allen Alphonso Adams has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Adams' myriad cases are set forth somewhat incoherently. He references a habeas case, SPCV18-01172-MO, but refers to a "crack cocaine" violation of his parole, complaining that while "out on bond" he has been "placed on *hold*." Doc. 1 at 1. However, that habeas case (filed in October 2018) clearly cannot arise from any sentence in *State v. Adams*, No. SPCR19-00965 (Chatham Super. Ct., filed April 17, 2019) (felony

possession of cocaine and misdemeanor taillight violation arising from February 8, 2019 arrest, with calendar call set for June 10, 2019).  Perhaps the October 2018 habeas case refers to petitioner's ongoing driving under the influence and failure to maintain lane misdemeanor case.  *State v. Adams*, No. STCR18-03036 (Chatham Super. Ct.) (filed May 10, 2018 after March 9, 2018 arrest, with case status noted as "open" and arraignment scheduled for May 6, 2019)).  Either way, Adams' certificate of probable cause to appeal in his habeas case (SPCV18-01172-MO) remains pending before the Georgia Supreme Court.  *Adams v. Super. Ct. of Chatham Cty.*, S19H0829 (filed February 6, 2019, with argument calendared for June 2019).  *See also Adams v. Super. Ct. of Chatham Cty.*, S19D0758 (discretionary application to the Georgia Supreme Court, stricken from docket February 27, 2019).

Before seeking § 2254 relief here, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546

(11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Adams, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes waiting for the Georgia Supreme Court's final decision on his habeas appeal.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file

---

[1] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Dismissal without prejudice, of course, means that once petitioner has his resolution he may return to this Court with a timely-filed petition for review.

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-

frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

   **SO ORDERED AND REPORTED AND RECOMMENDED,** this 30th day of April, 2019.

          _Christopher L. Ray_____

          CHRISTOPHER L. RAY
          UNITED STATES MAGISTRATE JUDGE
          SOUTHERN DISTRICT OF GEORGIA