**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ALLEN ALPHONZO ADAMS,

    Petitioner,

v.

SHERIFF JOHN WILCHER; CHATHAM
COUNTY SUPERIOR COURT; and
CHATHAM COUNTY PAROLE OFFICE,

    Respondents.

CIVIL ACTION NO.: 4:19-cv-94

**O R D E R**

After a careful de novo review of the entire record in this case, the Court concurs with the Magistrate Judge's April 30, 2019 Report and Recommendation, to which the Petitioner has filed objections, (doc. 5). As explained in the Report and Recommendation, Adams has yet to fully exhaust his "right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Adams does not deny that he has not yet exhausted his available state remedies. Instead, he contends that the state court "denied his habeas corpus petition, because [ ] his assign[ed] judge for his case was deceased." (Doc. 5 at 1-2.) To prove his point, he attaches exhibits showing that he does not have a Georgia Supreme Court case pending in case number S19D0758. That the Court knew, and described the case as "stricken" from the Supreme Court's docket. (*See* doc. 4 at 2.) Moreover, that information does not contradict Adams' *other* certificate for probable cause to appeal, which remains pending before the Supreme Court, *Adams v. Super. Ct. of Chatham Cty.*, S19H0829 (filed February 6, 2019, with argument calendared for June 2019), *cited in* doc. 4 at 2. Put differently, his petition is

unexhausted and, until it is dismissed, this Court lacks jurisdiction to consider it. Because nothing can overcome this jurisdictional barrier, Adams motion to amend the petition, (doc. 7), is **DENIED**. Nor is a stay warranted to permit Adams to exhaust his state remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (requiring a showing of "good cause" for petitioner's "failure to exhaust his claims first in the state court").

Adams raises two other matters that demand attention. He requests a temporary restraining order against Sheriff John Wilcher to contest the lockdown, disciplinary, and legal mail procedures at Chatham County Jail. (Doc. 5 at 9-10.) That, of course, is the subject of another suit entirely, *not* a petition for habeas corpus. Petitioner may file a claim under 42 U.S.C. § 1983 if he so chooses, but must do so on the Court's form § 1983 Complaint and either pay his filing fee or move to proceed *in forma pauperis* in compliance with the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), which requires *all* prisoners — even those who are allowed to proceed IFP — to pay the full filing fee of $350.00 in installments. 28 U.S.C. § 1915(b)(1). The entire filing fee must be paid *even* if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief. Whatever the merits of Adams' complaints with Sheriff Wilcher, they cannot be considered in the context of his habeas petition.

Petitioner also filed a "notice" for appointment of counsel, which the Court construes as a motion for appointment of counsel at public expense. (Doc. 6.) There is, however, no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (citing *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006)); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court *may* appoint counsel for an indigent litigant

seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require. *Hooks*, 775 F.2d at 1438; *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979); *see also* 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances." *McCall v. Cook*, 495 F. App'x 29, 31 (11th Cir. 2012). This, clearly, is not such a case. Petitioner's request for appointment of counsel, (doc. 6), is **DENIED**.

Accordingly, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** the Report and Recommendation, (doc. 4), as the opinion of the Court, and **DISMISSES without prejudice** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1), for lack of exhaustion of administrative remedies. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 31st day of May, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA