# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ALLEN ALPHONZO ADAMS,

    Petitioner,

v.

SHERIFF JOHN WILCHER; CHATHAM
COUNTY SUPERIOR COURT; and
CHATHAM COUNTY PAROLE OFFICE,

    Respondents.

CIVIL ACTION NO.: 4:19-cv-94

## O R D E R

Presently before the Court is *pro se* Petitioner Allen Alphonzo Adams' Motion for Objection, (doc. 10), Motion for Reconsideration, (doc. 11), and Second Motion for Reconsideration, (doc. 12). In these Motions, Petitioner objects to the dismissal of his case and requests that the Court reconsider and vacate its May 31, 2019 Order adopting the Magistrate Judge's Report and Recommendation and dismissing this case without prejudice.

On April 29, 2019, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. (Doc. 1.) After granting him *in forma pauperis* status, (doc. 4), the Magistrate Judge recommended that his petition be dismissed for lack of exhaustion, (id.). The Magistrate Judge explained that Adams' certificate of probable cause to appeal in the habeas case generally referenced in his Petition ("SPCV18-01172-MO") remains pending before the Georgia Supreme Court[1] and that he had

---

[1] See Adams v. Super. Ct. of Chatham Cty., No. S19H0829 (Ga. Feb. 6, 2019).

therefore not fully exhausted his state court remedies prior to seeking federal relief pursuant to Section 2254, as is required under federal law. (Id. at pp. 1–3.)

Petitioner filed objections to the Magistrate Judge's recommendation, (doc. 5), as well as a Motion to Amend/Correct his Petition, (doc. 7), both of which this Court considered and addressed in its May 31, 2019 Order adopting the Magistrate Judge's recommendation, (doc. 8). Explaining that "nothing can overcome this jurisdictional barrier" (that is, the lack of exhaustion), and also noting that Petitioner's challenges (in his more recent filings) to certain procedures at the Chatham County Jail were not relevant here and would have to be brought in a separate civil action, the Court dismissed the habeas Petition without prejudice. (Id.) A judgment of dismissal without prejudice was entered on June 7, 2019. (Doc. 9.)

On June 10, 2019, Petitioner filed a "Motion for Objection," in which he purports to "state[] . . .why [his] complaint should not be dismissed . . . ." (Doc. 10.) On June 25, 2019, he filed a "Motion for Reconsideration" as to the dismissal. (Doc. 11.) Finally, on July 12, 2019, he filed a "Second Motion for Reconsideration." (Doc. 12.) In the first filing, Petitioner discusses his convictions and sentences, and baldly alleges that the Court is "not lacking jurisdiction to correct his sentence" and that, if his case is dismissed, he will suffer a hardship. (Doc. 10, p. 1.) In the second filing, Petitioner attaches a copy of a State Board of Pardons and Paroles "Notice of Final Parole Revocation Hearing" (indicating that a revocation hearing was scheduled for June 5, 2019), which he claims somehow demonstrates a "due process violation [by the] Georgia Board of Parole [sic] and parole officers." (Doc. 11, p. 1; doc. 11-1, p. 2.) He also alleges that the state court "imposed racial discrimination against all black people with drugs [sic] life sentences, for a $10 dollar [sic] sale case," and he makes unclear allegations regarding a parole hearing scheduled for June 27, 2019, as well as the parole board's alleged failure to have him resentenced. (Doc. 11, pp.

2

2–4.) In the final paragraph of this filing, he asks the Court to "set aside this petition" or "place it on hold until he [can] resolve th[e] exhaustion requirement." (Id. at p. 4.) Finally, in the third post-judgment filing, Petitioner asserts nothing having to do with the exhaustion issue or even the broader issue of the dismissal of the Section 2254 Petition. (Doc. 12.) Instead, this filing focuses exclusively on challenging a recent decision by the Georgia Board of Pardons and Paroles and/or the Georgia Department of Community Supervision concerning Petitioner. (Id.) Petitioner asserts that officers with the Georgia Board of Pardon and Paroles forced him to agree to enroll in and attend a "class" in Savannah and threatening to put him in jail if he did not agree.[2] (Doc. 12, pp. 1–2.) He claims he is being discriminatorily denied an "interstate compact transfer" to another state due to his being forced to enroll in the class in Savannah and that, as a result his due process rights have been violated. (Id. at p. 2.)

Because they were filed post-judgment, Petitioner's motions fall within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Under Rule 59(e), "'the only grounds for granting a [Petitioner's] motion are newly-discovered evidence or manifest errors of law or fact.'" Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding—none of which apply here.[3] The rule also contains a "catchall" provision

---

[2] Petitioner attaches, as an exhibit, a copy of a "Department of Community Supervision Administrative Hearing Form," which indicates that, on July 9, 2019, Petitioner was found to have committed a "violation[]" and the "plan of action" was for him to enter into and complete something referred to as the "Day Reporting Center" program in Savannah. (Doc. 12, p. 5.)

[3] The specific circumstances listed in Rule 60(b) are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an

3

which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

While Petitioner has not indicated which rule he believes supports his motions, the distinction is immaterial in this case. Petitioner has not shown—and does not argue—that new evidence, manifest error, or exceptional circumstances entitle him to relief from the judgment. See, e.g., id. While he challenges the Court's determination that it lacks jurisdiction over his Petition, he does not endeavor, through these motions, to disprove the Court's specific conclusion that he had failed to exhaust his state court remedies. Indeed, his second and third filings, (docs. 11, 12), focus almost exclusively on recent decisions related to his parole, which are not at all relevant to the Court's finding of a lack of exhaustion. While he does request that the Court "place [his Petition] on hold until he [can] resolve th[e] exhaustion requirement," (doc. 11, p. 4), the Magistrate Judge specifically considered and advised against a stay of the case, (doc. 4, p. 3 n. 1), and Petitioner, in his objections, failed to provide the Court with grounds to reject the Magistrate Judge's advice, (doc. 5). Petitioner's motions provide no new or compelling reason to vacate the dismissal and instead stay the case.

It appears Petitioner is simply dissatisfied with the dismissal. He does not provide any credible basis for disturbing the Court's prior ruling and dismissal of his Petition. While the Court understands that he may be unhappy with the Court's decision to dismiss his Petition, mere

---

opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(1–5).

4

discontent is not a reason to disturb the Court's judgment. The Court further emphasizes that the dismissal is without prejudice to his refiling once he meets the state court exhaustion requirements.

In light of the foregoing, Plaintiff has failed to demonstrate that any grounds for reconsideration exist, and the Court discerns no reason to reopen this case. Accordingly, the Court **DENIES** Plaintiff's Motion for Objection, (doc. 10), Motion for Reconsideration, (doc. 11), and Second Motion for Reconsideration, (doc. 12). The Court's May 31, 2019 Order, (doc. 8), remains the Order of the Court, and this case remains **CLOSED.**

**SO ORDERED**, this 15th day of October, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA